# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

LAUREN CROWDER, individually
and on behalf of similarly situated
class members

      Plaintiff,

v.                                     Case No: 2:19-cv-820-SPC-NPM

ANDREU, PALMA, LAVIN &
SOLIS, PLLC,

      Defendant.
_____/

## **ORDER**[1]

Before the Court is Defendant Andreu, Palma, Lavin & Solis, PLLC's ("APLS") Petition for Costs. (Doc. 86). Also here is Plaintiff Lauren Crowder's response (Doc. 87) and APLS' reply (Doc. 90). Crowder sued for Fair Debt Collection Practices Act ("FDCPA") violations. The Court granted APLS summary judgment because Crowder lacked standing. Now, APLS seeks costs.

28 U.S.C. § 1919 states, "Whenever any action or suit is dismissed in any district court . . . for want of jurisdiction, such court may order the payment of just costs." *See also Rabco Corp. v. Steele Plaza, LLC,* No. 6:16-cv-1858-Orl-

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

40LRH, 2019 WL 5188601, at *16 (M.D. Fla. July 29, 2019). "There is broad discretion under § 1919, particularly as the statute is permissive in that the Court 'may' grant costs, and the costs themselves are qualified by the word 'just.'" *Ali v. Prestige Window & Door Installation, LLC*, 626 F. Supp. 2d 1259, 1262 (S.D. Fla. 2009). "The statutory language alone, then, gives the Court leeway to award costs or not award costs as it sees fit." *Id.*; *see also Otay Land Co. v. United Enterprises Ltd.*, 672 F.3d 1152, 1156 (9th Cir. 2012). Some courts define "just costs" as those "most fair and equitable under the totality of the circumstances." *Otay*, 672 F.3d at 1157.

Importantly, there is a "fundamental distinction between awarding costs under § 1919 and under § 1920 and Fed. R. Civ. P. 54(d)." *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1340 n.8 (10th Cir. 1998). While prevailing parties enjoy a presumption of costs under § 1920, those who win under § 1919 do not. *Id.*

APLS wants the following costs:

1. $518 for the Deposition of Juan Andreu;
2. $430.15 for the Deposition of Melanine Weseman; and
3. $1,301.25 for the Deposition of Lauren Crowder.

APLS says "these transcripts and their associated costs were necessary to obtain the order of dismissal on summary judgment." (Doc. 86 at 4). Although the deposition transcripts of Andreu and Weseman were relevant to the merits, they were irrelevant to standing (i.e., the jurisdictional issue on

which the Court dismissed). Had the Court evaluated the merits, the depositions might have been necessary. Because none of these costs related to the jurisdictional issue, the Court does not find their award appropriate. With those two items out, the Court turns to the remaining deposition: Crowder's.

Again, the dismissal was for lack of standing. And Crowder's deposition was central to that decision. But standing is an ever-shifting landscape these days. The summary judgment Order noted how difficult many standing questions are—particularly when (as here) the injury is emotional distress. Considering the unsettled law, relevant equities, and facts of the case, the Court does not find a cost award for Crowder's deposition just. *See Laufer v. Patel*, No. 1:20-CV-631-RP, 2021 WL 796163, at *6 (W.D. Tex. Mar. 2, 2021) (denying § 1919 costs given an unsettled standing question). What is most fair and equitable here is for each side to bear their own costs.

Accordingly, it is now

**ORDERED:**

Defendant's Petition for Costs (Doc. 86) **is DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on June 4, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record